IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00097-MR

| | |
|---|---|
| DENNIS R. VANDYKE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK D. WHITNEY, District )<br>Judge; GRAHAM C. MULLEN, )<br>District Judge; et al., )<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of the *pro se* Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983, see 28 U.S.C. § 1915A(a), and Plaintiff's Motion to Amend [Doc. 3].

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Greene Correctional Institution following his conviction on November 7, 2013, of discharging a firearm into occupied property. His projected release date is May 10, 2016.[1] In his Complaint, Plaintiff alleges, among other things, that the judicial defendants have "illegally" dismissed

---

[1] The information regarding Plaintiff's criminal history was obtained from the website maintained by the North Carolina Department of Public Safety.

many of his prior, "solid" § 1983 complaints that he filed in this District and that he is being unlawfully detained.

Plaintiff has filed numerous § 1983 complaints in this District. He has been allowed to proceed *in forma pauperis* on more than three occasions, and more than three of his complaints have been dismissed under 28 U.S.C. § 1915A(b).[2] See Vandyke v. Abernathy, et al., 1:16-cv-00062 (W.D.N.C. Mar. 18, 2016) (citing Vandyke v. Butner Reg'l Forensic Adm'r, 1:12-cv-00149-RJC (W.D.N.C. July 18, 2012) (collecting cases).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a prisoner's ability to file a § 1983 complaint providing, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[2] Section 1915A(b) provides that the court shall dismiss a prisoner complaint if it is frivolous, malicious or fails to state a claim for relief, or if it seeks monetary damages from a defendant that is immune from that relief. 28 U.S.C. § 1915A(b).

Plaintiff has failed to fairly allege that he is under imminent danger of serious physical injury. Therefore, his complaint is subject to dismissal on this basis alone pursuant to 28 U.S.C. § 1915(g). In addition, the nature of Plaintiff's claims is to seek redress for the decisions in other lawsuits Plaintiff has filed, which results Plaintiff contends were incorrect or contrary to law. The correct manner of challenging an incorrect legal determination is an appeal, not the filing of a new action against the presiding judicial officer. Such a collateral attack is barred as a matter of law. For this reason also, Plaintiff's claim must be dismissed. Even if his Complaint were not barred by the express provisions of §1915(g), or his attempt to collaterally attack earlier judgments, Plaintiff's claims against the judicial officers would be barred by the doctrine of judicial immunity and therefore subject to dismissal on that basis as well. See Imbler v. Pachtman, 424 U.S. 409, 424 n.12, n.20 (1976) (discussing longstanding history of judicial immunity). Finally, to the extent Plaintiff is challenging the legality of his confinement, the Court concludes that this claim is in the nature of a habeas corpus proceeding. Therefore, Plaintiff must raise this challenge, if at all, in a petition filed pursuant to 28 U.S.C. § 2241 (federal sentence) or § 2254 (state sentence). Based on the foregoing, the Court finds that Plaintiff's § 1983 claim must be dismissed.

Plaintiff also has filed a motion to add District Judge Max O. Cogburn as a defendant. For the same reasons as stated above, the claim against Judge Cogburn is barred by judicial immunity. Therefore, the motion to amend will be denied because it is frivolous and futile.

**IT IS, THEREFORE, ORDERED** that Plaintiff's action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [Doc. 3] is **DENIED**. The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: May 9, 2016

Martin Reidinger
United States District Judge